Campion *v.* Kille.

JOSEPH H. CAMPION *vs.* ROBERT KILLE.

Bill on a mortgage—answer usury—proof that the contract was executed in Pennsylvania.

*Held*—1. That the proof did not support the answer.

2. That this court will not officially recognize the usury laws of other countries.

3. That this court would not reverse to enable the defendant to amend his pleadings and adduce his proof.

The lien of the writ of attachment before judgment does not take priority over a previous unregistered mortgage.

This was an appeal from the opinion of the Chancellor, as reported in 1 *McCarter, p.* 229.

It was argued on appeal by

*A. Browning,* for appellant.

*P. L. Voorhees,* for respondent.

The opinion of the court was pronounced by

VREDENBURGH, J. The bill states that, on the 7th of April, 1858, the defendant gave a mortgage on his property for the amount of $7500, payable in two years with interest, which mortgage came afterwards, by divers assignments, to the complainant; that the mortgage was recorded on the 11th May, 1859; that, on the 9th February, 1859, Brown and Goodwin sued out of the Supreme Court of this state a foreign attachment against said Kille, upon which judgment was entered, on the 16th April, 1860, for $6542.

Kille answers that, before the execution and delivery of said mortgage, he had borrowed and received from Steele & Co., the original mortgagees, divers sums of money, upon and by reason of an agreement to pay them usurious interest, which sums, with the usurious interest thereon at the time of the delivery of the mortgage, amount to the sum of $3900; that on the 27th March, 1858, Steele & Co. corruptly agreed

Campion *v*. Kille.

with him, Kille, to deliver to him circulating notes of the Bank
of Pennsylvania to the nominal amount of $4500, and that he
should give to Steele & Co. the bond and mortgage in ques-
tion for a sum sufficiently large to cover not only the said
sum of $3900 but also 80 per cent. of the nominal value of
said circulating notes, well knowing that said notes were
worth only from forty-seven to forty-nine cents on the dollar,
and that he did receive the said notes, amounting, at eighty
cents on the dollar, to the amount of $3600, which with the
$3900 makes the sum of $7500, the amount of said mortgage.
Neither the bill or answer avers the place of contract.

The bond and mortgage are good by universal law, and
therefore the bill is good without any averment of place.
Usury is matter of local law, and therefore the averment
of usury in the answer necessarily intends that the facts
stated constitute usury under the local laws of this state.

But the proof shows that this contract was executed in
Pennsylvania. The contract could not therefore have been
usurious under the laws of this state, and the answer is con-
sequently entirely unsupported by the evidence.

But it is said that the facts stated show usury under the
laws of Pennsylvania. But this can constitute no defence,
for two reasons : first, because it is not averred in the answer
that such facts constitute usury under the laws of Pennsyl-
vania; and secondly, if such allegation had been made, it is
entirely unsupported by any evidence. We do not know
officially what the laws of every nation of the earth are re-
specting usury ; we know they vary more or less in almost
every government, and when it is necessary to manifest
what such local laws are in our courts, it should appear by
averment and proof.

The same answer may be given to the suggestion, that by
the laws of Pennsylvania the mortgagee can only recover
the sum actually advanced upon the mortgage, there is no
averment of such law, and if there was, there is no such
proof.

Nor could it be proper in this stage of the case to reverse

the decree, in order to send it back to Chancery to enable the defendant to amend his pleadings and adduce his proof.

The custom of Chancery is not to allow a defendant, who has permitted his time to answer to pass by, additional time to answer in order to set up usury, much less will it do so when the cause has regularly progressed upon pleadings and proofs to a final hearing.

As to the question of priority between the attaching creditor and the complainant, the statute, *Nix. Dig.* 124, § 18, by its very terms, makes the mortgage not recorded according to its provisions void only as against subsequent judgment creditors or *bona fide* purchasers or mortgagees for valuable consideration not having notice thereof, but does not make it so as against creditors in attachment.

By the act, *Nix. Dig.* 33, § 7 and 8, the attachment only binds the property and estate of the defendant in attachment, and cannot affect the estate of other persons therein acquired previous to the issuing of the attachment.

I think the decree should be affirmed.

The decree of the Chancellor was affirmed by the following vote:

*For affirmance*—Judges BROWN, COMBS, CORNELISON, ELMER, HAINES, OGDEN, SWAIN, VREDENBURGH, WHELPLEY, WOOD—10.

*For reversal*—Judge KENNEDY—1.